NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

*In re* Application of SBK ART LLC

Case No. 2:24-mc-00022-SVW-JPR

Hon. Stephen V. Wilson
Courtroom 10A

**STIPULATED PROTECTIVE ORDER**

Pursuant to the Global Non-Disclosure and Confidentiality Agreement entered into on or about June 15, 2024 (the "Global Confidentiality Agreement"), SBK ART LLC ("SBK ART") and Houlihan Lokey, LLC ("Houlihan") (together, the "Parties" and each individually, a "Party," as further defined in Part III below), by and through their respective counsel of record, hereby stipulate and agree to the following Stipulated Protective Order (the "Order") and petition the Court to enter the same.

**I.    PURPOSES AND LIMITATIONS**

Houlihan's production of documents in response to the SBK ART subpoena approved by the Court on May 2, 2024 (the "Subpoena") involves production of

confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting specific litigation may be appropriate.  The Parties agree that this Order affords protection from public disclosure and use to the fullest extent allowed under applicable legal principles but it does not entitle them to automatically file documents under seal: the Court's leave must be sought under Local Rule 79-5.

## II.     STATEMENT OF GOOD CAUSE

The documents produced in response to the Subpoena contain confidential and sensitive financial information, sensitive personal information, and analysis and/or other valuable research, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action may be warranted.  Such confidential and propriety materials and information may consist of, among other things, confidential business or financial information and analysis, information regarding confidential business practices, other confidential research or commercial information (including information implicating privacy rights protected by the California Constitution, common law, or the U.K. Data Protection Act 2018), or information that may be privileged or otherwise protected from disclosure under state, federal, or foreign statutes, regulations, or court decisions.  To expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of produced materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in connection with this action, to address the handling of such documents at the conclusion of this action, and to serve the ends of justice, a protective order for such information is justified in this matter.

III. **DEFINITIONS**

A. "Proceeding" means the above captioned proceeding, *In re Application of SBK ART LLC*, Case No. 2:24-mc-00022-SVW-JPR.

B. "CONFIDENTIAL" information or materials means information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Statement of Good Cause.

C. "Counsel" means attorneys of record in this action (and their support staff) who are not employees of a Party to this Proceeding, but rather have been retained to represent or advise a Party to this Proceeding.

D. "Subpoenaed Material" means all documents, items, or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to the SBK ART's Subpoena in this matter.

E. "Expert" means a person with specialized knowledge or experience in a matter pertinent to specific judicial proceeding who has been retained by a Party or its counsel and serves as an expert witness or consultant in, or in connection with, one or more Foreign Proceedings.

F. "Foreign Proceeding" and "Foreign Proceedings" mean current or future judicial proceedings in foreign (non-U.S.) jurisdictions between SBK ART and one or more of the Fortenova Entities, as well as any current or future proceedings initiated by SBK ART before the General Court of the European Union or other competent bodies concerning the designation of SBK ART as a sanctioned entity.

G. "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a party to this Proceeding.

H. "Party" and "Parties" mean any parties to this Proceeding, including all of its officers, directors, employees, consultants, Experts, and Counsel (and their respective support staffs).

I. "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

J. "Protected Material" means any Subpoenaed Material that is designated as CONFIDENTIAL.

## IV. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

## V. DURATION

The Parties agree to abide by the terms of this Order from the time of its execution by the Parties, including during any time period before it is entered by the Court. The confidentiality obligations imposed by this Order shall remain in effect until Houlihan agrees otherwise in writing or an order by the Court otherwise directs.

## VI. DESIGNATION OF PROTECTED MATERIAL

A. Manner and Timing of Designations

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Subpoenaed Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. If Houlihan believes that a particular document or item of information is properly subject to protection under this Order, it shall designate it as such by one or more of the following methods:

      1.     provide written notice to all Parties describing the information with particularity;

      2.     with respect to documents, mark each page of each such document with the phrase "CONFIDENTIAL"; or

      3.     with respect to interrogatory responses, mark each confidential response with the phrase "CONFIDENTIAL."

    B.    <u>Inadvertent Failure to Designate</u>.

If timely corrected, an inadvertent failure to designate information or items does not, standing alone, waive Houlihan's right to secure protection under this Order for such material. Upon timely correction of a designation, SBK ART must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

    A.    <u>Basic Principles</u>.  Nothing herein shall prohibit or limit SBK ART's use of any Protected Material in any hearing, trial, or other proceeding that forms a part of one of the Foreign Proceedings, provided that SBK ART at all times abides by, and uses Protected Material only in a manner that is consistent with, the Subpoena and the Parties' Global Confidentiality Agreement.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When all Foreign Proceedings have been terminated, SBK ART must comply with the provisions of section XII below (FINAL DISPOSITION).  Protected Material must be stored and maintained by SBK ART at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    B.    <u>Disclosure of Protected Material</u>.  Subject to the Global Confidentiality Agreement, and unless otherwise ordered by the Court or permitted in writing by Houlihan, SBK ART may disclose any information or materials designated CONFIDENTIAL only to:

1. SBK ART's Counsel in these Proceedings and the Foreign Proceedings.

2. SBK ART's officers, directors, and employees, to whom disclosure is reasonably necessary in connection with these Proceedings and the Foreign Proceedings.

3. SBK ART's Experts (as defined in this Order) to whom disclosure is reasonably necessary in connection with these Proceedings and the Foreign Proceedings.

4. This Court and the Court's staff.

5. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

6. The tribunal overseeing the Foreign Proceedings and any adverse parties to the Foreign Proceedings and/or their counsel or witnesses in the Foreign Proceedings, but only in connection with a hearing, trial, or other proceeding that is a part of one of the Foreign Proceedings.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If SBK ART is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," SBK ART must:

A. Promptly notify in writing Houlihan, including by providing a copy of the subpoena or court order unless prohibited by law;

B. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

C. Cooperate with respect to all reasonable procedures sought to be pursued by Houlihan.

Consistent with applicable foreign law, if Houlihan timely seeks a protective order, SBK ART shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, or SBK ART has obtained Houlihan's permission. Houlihan shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging SBK ART to disobey a lawful directive from another court.

## IX.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If SBK ART learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, SBK ART must immediately (a) notify Houlihan in writing of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## X.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

If, after producing or otherwise disclosing information in connection with the Subpoena, Houlihan thereafter claims such information is privileged or protected by the attorney work-product protection ("Disclosed Protected Material"), the disclosure of the Disclosed Protected Material shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection that Houlihan would otherwise be entitled to assert with respect to the Disclosed Protected Material and its subject matter in these proceedings or in any other federal, state, or foreign proceeding.

Houlihan may assert in writing attorney-client privilege or work-product protection with respect to Disclosed Protected Material. SBK ART must—unless it

contests the claim of privilege or work-product protection as set forth in this Order—within ten (10) business days of receipt of that writing, (i) return or destroy all copies of the Disclosed Protected Information, (ii) take reasonable steps to retrieve all copies of the Disclosed Protected Information distributed to other counsel or non-parties, and (iii) provide a certification of counsel that reasonable steps have been taken to return or destroy the Disclosed Protected Information in the party's possession, custody, or control. Within five (5) business days of receipt of the notification that the Disclosed Protected Information has been returned or destroyed, Houlihan must produce a privilege log with respect to the Disclosed Protected Information.

If SBK ART contests the claim of privilege or work-product protection, SBK ART must, within ten (10) business days of receipt of the claim of privilege or protection, begin the process under Local Rule 37 for an Order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion"). SBK ART must seek to file the Disclosure Motion under seal. Pending resolution of the Disclosure Motion, SBK ART must sequester the Disclosed Protected Information and not use the Disclosed Protected Information or disclose it to any person other than as required by law.

## XI. MISCELLANEOUS

A. Right to Further Relief. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

B. Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

## XII. FINAL DISPOSITION

Within 60 days after the final disposition of all Foreign Proceedings, SBK ART must return to Houlihan or destroy all Protected Material, and certify in writing under

1  penalty of perjury that it has done the same. As used in this subdivision, "all
2  Protected Material" includes all copies, abstracts, compilations, summaries, and any
3  other format reproducing or capturing any of the Protected Material. Whether the
4  Protected Material is returned or destroyed, SBK ART must submit a written sworn
5  certification to Houlihan by the 60-day deadline that (1) identifies (by category,
6  where appropriate) all the Protected Material that was returned or destroyed and
7  (2) affirms that SBK ART has not retained any copies, abstracts, compilations,
8  summaries or any other format reproducing or capturing any of the Protected
9  Material. Notwithstanding this provision, Counsel are entitled to retain an archival
10 copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal
11 memoranda, correspondence, deposition and trial exhibits, expert reports, attorney
12 work product, and consultant and expert work product, even if such materials contain
13 Protected Material. Any such archival copies that contain or constitute Protected
14 Material remain subject to this Order as set forth in Section V above (titled
15 "DURATION").

16 IT IS SO STIPULATED BY THE UNDERSIGNED COUNSEL.

17 Dated: June 15, 2024                    Respectfully submitted,

18  /s/ *Robert Landy*                     /S/ *Emil Petrossian*

19
20  FORD O'BRIEF LANDY LLP                 GLASSER WEIL FINK HOWARD
    Robert Landy                           JORDAN &SHAPIRO LLPC
21  *Attorneys for Petitioner*             Attorneys for Subpoenaed Nonparty
    SBK ART LLC                            HOULIHAN LOKEY, INC.
22

23                          ATTORNEY ATTESTATION
24      Pursuant to C.D. Cal. Civil L.R. 5-4.3.4(a)(2)(i), I, Stanley C. Morris, attest that
   each of the signatories identified above has concurred in the filing of this document.
25 Executed on this 17th day of June 2024, at Santa Monica, California.

26
27 FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:
28

9
**STIPULATED PROTECTIVE ORDER**

DATED: June 20, 2024

_____
HONORABLE JEAN P ROSENBLUTH
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order issued in the proceeding captioned *In re Application of SBK ART LLC*, Case No. 2:24-mc-00022-SVW-JPR (C.D. Cal.), and attached hereto. The undersigned understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Central District of California in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use materials designated as CONFIDENTIAL in accordance with the Stipulated Protective Order, and not to disclose any Protected Material to any other person, firm or concern. The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties, including contempt of court.

Date: _____

City, State, and Country Where Signed: _____

Printed Name: _____

Signature: _____